**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ROBINSSON GIOVANNI CHAVEZ-CARBAJAL,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | **EP-26-CV-00006-DB** |
| **v.** | § | |
| | § | |
| **PAM BONDI**, *U.S. Attorney General, et al.*, | § | |
| **Respondents.** | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Robinsson Giovanni Chavez-Carbajal's "Verified Petition for Writ of Habeas Corpus" ("Petition"), ECF No.[1] 1, filed on January 5, 2026, by his "next friend" Diana Carolina Aragon Leyva. Therein, Petitioner challenges the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"), arguing Respondents violated his rights under the Fourth and Fifth Amendments when detaining him. ECF No. 1 at 2. After due consideration, and for the reasons stated herein, the Court finds the Petition must be denied.

## BACKGROUND

Petitioner is a Peruvian national who entered the United States in 2021. ECF No. 9 at 2. Upon arrival, Petitioner presented himself, or was otherwise apprehended, near the port of entry, then released on his own recognizance. *Id.*; ECF No. 9-2 at 2. According to Petitioner, he has a pending asylum application and has thus far complied with all immigration requirements. ECF No. 1 at 2. On November 10, 2025, immigration officials encountered Petitioner at the Essex County Correctional Facility after an arrest for Aggravated Assault and Possession of Weapon. ECF No. 9

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the page numbers assigned by the ECF system.

at 2. He was later taken into immigration custody pursuant to an administrative arrest warrant. *Id.*; *see also* ECF No. 9-3. On January 14, 2026, Petitioner received a bond hearing before Immigration Judge Stephen Ruhle. ECF No. 9-4 at 1. During the hearing, the IJ denied Petitioner release on bond, finding Petitioner posed both a flight risk and a danger to the community. *Id.*

On January 5, 2026, Petitioner filed the instant "Verified Petition for Writ of Habeas Corpus," ECF No. 1, challenging the legality of his detention and asking the Court to order his immediate release or a bond hearing. ECF No. 1 at 2–3. Pursuant to the Court's briefing schedule, Respondents filed their response, ECF No. 9, on February 9, 2026.

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## ANALYSIS

Petitioner raises claims under both the Fourth and Fifth Amendments of the U.S. Constitution. ECF No. 1 at 2. First, Petitioner asserts that ICE violated his rights under the Fourth Amendment's Search and Seizure Clause because they arrested him without a warrant. *Id.* However, Petitioner's Fourth Amendment claim fails at the outset, because Respondents did in fact have an administrative warrant for Petitioner's arrest, which he was served at the time he was detained. *See* ECF No. 9-3.

Next, Petitioner argues his detention violates his rights under the Fifth Amendment's Due Process Clause. ECF No. 1 at 2. He asserts both a substantive due process claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001) as well as a procedural due process claim. ECF No. 1 at 2. However, Petitioner's substantive due process claim also fails at the outset as there are no facts indicating Petitioner is subject to an administratively final order of removal. *See generally* ECF Nos. 1 and 9. Therefore, *Zadvydas* is inapplicable. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (determining how long the Government may reasonably detain an individual under 8 U.S.C. § 1231(a)(6), which applies only to noncitizens subject to final orders of removals).

As it pertains to Petitioner's procedural due process claim, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e). Petitioner was afforded a bond hearing on January 14, 2026, during which the IJ denied bond based on flight risk and danger to the community. *See* ECF No. 9-4. Congress provided in 8 U.S.C. § 1226(e) that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review." 8 U.S.C. § 1226(e). The statute explicitly prohibits federal district courts from setting aside "any action or decision. . . regarding the detention or release of any [noncitizen] or the grant, revocation, or denial of bond or parole." *Id.* Because the decision to detain Petitioner without bond was made following an individualized review of the record by an immigration judge, the Court cannot review Petitioner's procedural due process claim and his Petition must be denied.[2]

[2] This is not to say a noncitizen who has been afforded a bond hearing could never prevail on claims arising under the Due Process Clause. The Court's determinations herein are limited to the facts of this case as they stand today. Should Petitioner wish to file another petition for habeas corpus, he may file such petition on distinct grounds from his initial petition. *See e.g.*, *Em v. Mayorkas*, No. EP-26-CV-00411-DB, 2026 WL 1396218, at * (W.D. Tex. May 19, 2026) (holding petitioner was entitled to habeas relief because his detention had become unreasonably prolonged in a pre-final order of removal posture); *Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL

## CONCLUSION

For the reasons stated above, the Court determines Petitioner's Fourth Amendment and *Zadvydas* claims are barred, and that it cannot exercise jurisdiction over Petitioner's remaining procedural due process claim.

Accordingly, **IT IS HEREBY ORDERED** Petitioner's "Verified Petition for Writ of Habeas Corpus," ECF No. 1, is **DENIED.**

**IT IS FURTHER ORDERED** that the District Clerk's Office **SHALL MAIL** a copy of this order to Petitioner's address on file.

**IT IS FINALLY ORDERED** the District Clerk's office **SHALL SUBMIT** an additional copy of this order to "next friend" Diana Carolina Aragon Leyva via email at aragonleyva9716@gmail.com or any other address on file.[3] This additional method of notification shall not alter or replace the District Clerk's standard operating procedures to submit filings via certified mail or any other established notification method.

**SIGNED** this **7th** day of **September 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

926216 (W.D. Tex. Apr. 6, 2026) (holding petitioner was entitled to habeas relief because his detention had become unreasonably prolonged in a post-final order of removal posture). However, Petitioner is forewarned that any further filings alleging the same claims as those decided in the instant petition will be summarily denied without any further explanation from the Court.

[3] The Court notes this shall not be construed as authorization for Petitioner or "next friend" Diana Carolina Aragon Leyva to submit documents to be filed to the Clerk's Office via email. Petitioner should employ expedited mail services or deliver filings in person to the District Clerk's office to timely comply with any deadlines set forth in this order or any subsequent orders of the Court.